UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANNY WADE MELTON

VERSUS

MARK W. WEISS, ET AL

CIVIL ACTION

NUMBER 07-233-RET-SCR

### RULING ON MOTION TO STRIKE

Before the court is the Motion to Strike filed by defendants FFE Transport Service, Inc. and Mark W. Weiss. Record document number 35. The motion is opposed.[1]

Defendants moved to strike as witnesses the plaintiff may use at trial persons not timely identified. Defendants argued that the plaintiff failed to timely make his Rule 26(a), Fed.R.Civ.P., initial disclosures and identify his expert witnesses, as required by the Scheduling Order. Plaintiff acknowledged that his initial disclosures and identification of expert witnesses was untimely, but argued that his first disclosures were only two weeks late and the defendants have not shown any harm caused by the delay.

The Scheduling Order required the parties to make their initial disclosures by October 12, 2007, which was the same date by which the plaintiff was to identify his expert witnesses.[2] Plaintiff served his initial disclosures October 26, 2007. In the

---

[1] Record document number 38.

[2] Record document number 17.

section identifying experts he named Mike N. Gillen, Lamar B. Jones, Dr. Jorge Issaza and "All other health care providers." In the section identifying persons likely to have discoverable information, he identified Frank Messina, "expert mechanic," and an unidentified "engineer."

While it would have been better to include Messina in the section identifying expert witnesses, designating him as an "expert mechanic" was sufficient to put the defendants on notice of his expert witness status. However, simply stating that "All other health care providers" would be expert witnesses is too vague to satisfy the plaintiff's obligation to identify his expert witnesses. This vague identification of experts puts the defendants in the position of having to depose multiple physicians and other medical personnel whose names may appear in any of the plaintiff's medical records. Avoidance of such a waste of time and resources is precisely why the plaintiff is required to specify who he will rely on to provide expert testimony.

Plaintiff's listing of an "engineer" does not satisfy his duty to identify his experts either. There are multiple engineering fields. Defendants are not required to guess.

The Scheduling Order also fixed a deadline of December 3, 2007 for the plaintiff to identify any rebuttal experts. Plaintiff missed this deadline too. On December 7, 2007, counsel for the

plaintiff sent a facsimile to defense counsel formally listing Messina as an expert mechanic.  He also identified "the other healthcare providers."  These were "Our Lady of the Lake Regional Medical Center, emergency room personal (sic), **including but not limited to** Gerard B. Tassin Md., Ted Z. Collins, MD, Rohit S. Adi, MD, Denise Ann Bouvier, NP."[3]  "**Representatives of The Neurosurgery Center including but not limited to** John J. McCloskey (physical therapy), MD, Donald F. Dohn, MD", "J.B. Martin, MD," and "Representative of Physical Therapy Solutions- John J. McClosky named above," were also listed.[4]  Plaintiff also included an expert "Representative of the District Attorney's Office for Livingston Parish,"  Finally, the plaintiff added "Stephanie Chalfin, vocational rehabilitationist."

In his opposition memorandum, the plaintiff did not argue that the representative from the district attorney's office or Chalfin were rebuttal witnesses identified in response to an expert identified by the defendants.  If fact, he made no argument at all regarding the late identification of either of these experts.

Rule 37(c), Fed.R.Civ.P., provides as follows:

>     If a party fails to ... identify a witness as required
> by Rule 26(a) or (e), the party is not allowed to use
> that ... witness  to supply evidence on a motion, at a

---

[3] Record document number 35, Motion to Strike, exhibit C.

[4] *Id.*, emphasis added.

hearing, or at a trial, unless the failure was substantially justified or is harmless."

Plaintiff has not shown that his failure to timely and specifically identify his expert witnesses was substantially justified. He did not argue that any of the persons specifically identified were either unknown to him or not reasonably ascertainable at the time the disclosure was due. Naming an unidentified "engineer" and various unidentified representatives is not a disclosure sufficient to satisfy Rule 26(a), at least not in the absence of some explanation for the inability to name a specific person.

However, the plaintiff has shown that the late disclosures of specific persons were harmless. Nowhere in the defendants' memorandum did they claim they made any decisions or took any actions premised on the plaintiff's failure to timely and precisely identify his expert witnesses. They have not argued or shown they have or will be prejudiced or harmed in any way if the plaintiff is allowed to offer expert testimony from any of the persons specifically identified in his October 26 or December 7 disclosures.[5] The court cannot presume harm simply from the lateness of the disclosures. Otherwise, the "or is harmless" provision of the rule would be meaningless.

---

[5] Of course, this does not mean that they could not show harm if the plaintiff also failed to timely provide expert reports from those persons who are required by Rule 26 to provide a report. That issue is not presented by this motion.

4

Accordingly, the Motion to Strike filed by the defendants is granted in part and denied in part.  The motion is granted insofar as the defendants moved to strike the plaintiff's unidentified "engineer," any still unidentified health care providers, and the unidentified representatives of Our Lady of the Lake Regional Medical Center, The Neurosurgery Center, and the District Attorney's Office for Livingston Parish.  In all other respects, the defendants' motion is denied.  The parties shall bear their respective costs incurred in connection with the motion.

Baton Rouge, Louisiana, February 20, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE